IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

SAM SABAUGH, )
SUE SABAUGH )
    Plaintiffs, )
     )
v. ) Case No. 09-0964-CV-W-HFS
     )
SAFECO INSURANCE COMPANY )
OF AMERICA )
    Defendant. )

**ORDER**

Before the court is the motion of defendant, Safeco Insurance Company of America, for a stay (doc. 6). Also before the court is the motion of plaintiffs, Sam and Sue Sabaugh, for leave to amend their complaint (doc. 9).

**Background Facts**

This is an action for declaratory judgment regarding language in a motor vehicle insurance contract. Plaintiffs reside in Kansas, and defendant is authorized to transact insurance business in Missouri. (Petition: ¶¶ 1-2). Plaintiffs purchased a personal automobile insurance policy with an effective policy period of November 15, 2008, through May 15, 2009 (Policy No. Z4422065). (Id: ¶ 3). Plaintiffs were identified as named insureds on the policy as well as "rated drivers" in the declarations section of the policy. (Id: ¶¶ 4-5). Plaintiffs' daughter, Alicia Sabaugh, was also identified as a "rated driver." (Id: ¶ 5). The policy provided coverage for four vehicles: (1) a 2008 Acura MDX Tech; (2) a 2005 BMW 330ci; (3) a 2001 Infinity QX4; and (4) a 2000 Mercury Cougar - the policy provided each vehicle with underinsured motorist coverage for $500,000 for

each accident. (Id: ¶¶ 6-7).

On January 3, 2009, Alicia, while driving the 2000 Mercury Cougar was involved in a motor vehicle collision with Rosemary Parks. (Id: ¶ 9). The accident occurred on Interstate 435 in the eastbound direction in Kansas City, Missouri, and as a result of the injuries received, Alicia died on January 4, 2009. (Id). At the time of the collision, both Alicia and Rosemary were residents of Missouri. (Id: ¶¶ 11-12). Rosemary had a motor vehicle liability policy with Progressive Preferred Insurance that provided bodily injury liability coverage with limits of $100,000. (Id: ¶ 13). Progressive tendered to plaintiffs $100,000 to settle any and all claims against Rosemary. (Id).

Plaintiffs then filed a claim against defendant for underinsured motorist coverage in the amount of $1,900,000. (Id: ¶ 15). In reaching this amount, plaintiffs stacked the underinsured motorist coverage for all four vehicles covered under the policy, and subtracted the amount received from Progressive. (Id). Defendant denied plaintiffs' "stacking" claim under Missouri law, and contended that in using the coverage allotted to the vehicle in question and after subtracting the amount previously received from Progressive, plaintiffs were entitled to $400,000. (Id: ¶¶ 16-17). According to plaintiffs, Missouri law *requires* the stacking of underinsured motorist coverage where uninsured motorist coverage and underinsured motorist coverage are treated in the same policy. (Id: ¶ 17).

Because plaintiffs reside in Kansas and the insurance contract was entered into in Kansas, on August 14, 2009, defendant filed a Petition for Declaratory Judgment against plaintiffs in the District Court of Johnson County, Kansas. On September 19, 2009, plaintiffs filed a Petition for Declaratory Judgment in the Circuit Court of Jackson County, Missouri at Kansas City. Plaintiffs sought a declaratory judgment that the amount of underinsured motorist coverage under the policy was available up to $1,900,000; that the underinsured motorist coverage under the policy must be

stacked; and that Missouri law applied to the interpretation of the policy. (Petition: ¶ 19). On November 13, 2009, defendant removed the action to this court based on diversity jurisdiction.

## **Analysis**

The Declaratory Judgment Act "provides that a court *may* declare the rights and other legal relations of any interested party seeking such declaration." Evanston Ins. Co. v. Johns, 530 F.3d 710, 712 (8th Cir. 2008); quoting, Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). In determining whether to dismiss or stay a federal declaratory judgment action during pendency of parallel state court proceedings, the district court must consider the scope and nature of the pending state court proceeding to ascertain whether issues in controversy between parties to the federal action, not foreclosed under applicable substantive law, can be better settled by the state court, and, if so, the district court must dismiss the federal action because it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Capitol Indem. Corp. v. Haverfield, 218 F.3d 872, 873 (8th Cir. 2000).

Here, there is no dispute that underinsured benefits are appropriate under the circumstances. Rather, defendant contends that plaintiffs are not entitled to remuneration from the stacking of the four underinsured provisions, and plaintiffs claim that the benefits should be stacked under Missouri law.

In support of an indefinite stay, defendant states that the Kansas case has been pending for almost five months, discovery has been exchanged, and deadlines have been set. Moreover, defendant argues that the matter should be adjudicated in Kansas where plaintiffs reside and the

contract was executed. Thus, defendant argues that it would be a waste of judicial resources to adjudicate in this court the same question already before the Kansas court. In opposition to a stay, plaintiffs contend that Missouri law provides for stacking, and therefore, they prefer to have this court decide the issue. In support of their contention plaintiffs rely on Hopkins v. American Economy Ins. Co., 896 S.W.2d 933 (Mo.Ct.App. 1995); Hartzler v. American Family Mut. Ins. Co., 881 S.W.2d 653 (Mo.Ct.App. 1994); however, these cases are not very helpful to plaintiffs' contention that Missouri law requires stacking. In Hopkins, the court noted that in Missouri while motorist policies must have **uninsured** coverage and public policy prohibited insurers from adding policy language prohibiting stacking of uninsured policies; Missouri did not even require **underinsured** coverage. Hopkins, at 938.[1] Under Missouri law, if automobile insurance policy language is unambiguous in disallowing stacking, there can be no court interpretation mandating stacking for underinsured coverage - which is optional coverage. Id. Consequently, while the court permitted stacking in Hopkins, it did so upon finding that the language was ambiguous. Id.[2] In Hartzler, the court noted that Kansas law prohibited the stacking of uninsured and underinsured motorist coverage. Hartzler, at 654 n.1. The court also noted that while Missouri public policy as expressed in § 379.203, RSMo Supp. 1993 prohibits anti-stacking provisions with respect to uninsured motorist coverage, the anti-stacking policy does not carry over to underinsured coverage except when the insurance company treats the two as the same. Id. Thus, while not expressly

---

[1]See, Rodriguez v. General Accident Insurance Co. of America, 808 S.W.2d 379 (Mo banc 1991) ("There are no statutory requirements in Missouri for underinsured motorist coverage. Therefore, the existence of the coverage and its ability to be stacked are determined by the contract entered between the insured and the insurer.")

[2]For instance, when underinsured coverage is lumped into the same provisions of the policy as the mandated uninsured coverage, the public policy that invalidates the anti-stacking provisions of uninsured "is equally applicable to underinsured motorist coverage if the two are treated as the same in the insurance contract." Hopkins, at 938.

prohibited, entitlement to stacking of underinsured benefits is not a foregone conclusion in Missouri. However, that is not a question presently before this court in the instant motions.

Plaintiffs also attempt to defeat defendant's motion for a stay by seeking leave to amend their complaint to add a claim to recover underinsured motorist benefits in which plaintiffs would seek resolution on the issues of fault, causation, damages, and entitlement to underinsured motorist benefits. According to plaintiffs, the purpose of amendment is to join all matters in controversy, not only on the question of entitlement to underinsured motorist benefits, but also as to the extent to which the benefits are available. (Motion to Amend: ¶ 5). Plaintiffs do not state, and under these circumstances it is difficult to discern any issues that might relate to fault or causation; and, because defendant has offered and continues to offer plaintiffs' $400,000 (the amount of underinsured coverage for the 2000 Mercury Cougar less the $100,000 paid by Progressive Insurance) entitlement to underinsured motorist benefits is not at issue. Thus, the only outstanding point of contention is the amount of underinsured benefits plaintiffs are to receive, which would require a determination as to whether the underinsured policies may be stacked. That inquiry has been duly set forth before the Kansas court, and an amendment to plaintiffs' petition before this court does not alter the question.

Because the suit pending in the Kansas court presents the same issues, not governed by federal law, between the same parties, and involves the same insurance policy and the same arguments as presented in this court, it would be uneconomical as well as vexatious for this court to proceed on plaintiffs' declaratory judgment suit. Evanston, 530 F.3d, at 713. Under the facts of this case return of the action to this court is highly improbable, nonetheless, a stay rather dismissal will be granted. Capitol, 218 F.3d at 873 (stay rather than dismissal is the preferred mode of abstention where the possibility of a return to the federal court remains).

Accordingly, it is hereby

ORDERED that defendant's motion for a stay (ECF doc. 6) is GRANTED. This action is stayed pending a ruling in the action presently pending before the District Court of Johnson County, Kansas. It is further

ORDERED that plaintiffs' motion to amend their complaint (ECF doc. 9) is DENIED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

January  20 , 2010

Kansas City, Missouri